## Affidavit

I, Allison Hirsch, being duly sworn, hereby depose and state that the following is true to the best of my information, knowledge, and belief:

### Introduction and Agent Background

1.       Your affiant is a Federal Bureau of Investigation (FBI) Special Agent (SA) assigned to the Denver FBI Child Exploitation Task Force (CETF).  Your affiant has been employed with the FBI for ten years.  As part of her duties, your affiant investigates criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of Title 18, United States Code, Sections 2251, 2252, and 2252A.  As part of your affiant's on the job training and experience, your affiant has reviewed images containing child pornography in a variety of formats (such as digital still images and video images) and media (such as digital storage devices, the Internet, and printed images).

2       This affidavit is submitted in support of a complaint alleging violations of Title 18 U.S.C. Section 2252A(a)(1), knowing transportation of child pornography.

3       Because this affidavit is being submitted for the limited purpose of obtaining a complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth facts that I believe are necessary to establish probable cause to believe that Justin Bowen Neisler ("Neisler" or "Defendant") has committed violations of Title 18 U.S.C. Section 2252A(a)(1).

4       The information contained within the affidavit is based on my own observations, as well as information imparted to me by other law enforcement officers involved in this investigation.

### RELEVANT STATUTES

5       Title 18 U.S.C. Sections 2252A(a)(1) prohibits a person from knowingly transporting images of child pornography in interstate or foreign commerce.

### INVESTIGATION

6.       On March 11, 2019, Magistrate Judge S. Kato Crews authorized a search warrant for 225 S. Harrison Street, Apartment 302, Denver, Colorado, the person of Justin Neisler and the 2012 Mini Cooper, CO plates (WDE) registered to Justin Neisler, if present at the Subject Premises at the time of the search warrant execution.  The facts, in part, supporting this search warrant were as follows:

      a.       On approximately October 15, 2018, the business entity known as Tumblr, Inc. reported to the National Center for Missing and Exploited Children (NCMEC) that between 09/24/2018 and 10/15/2018, a subscriber using the email of auburn52mh@yahoo.com and URL: yesdopesaladworld.tumblr.com was

connecting from the IP address of 71.196.229.40 and had uploaded sexually explicit videos and/or images of children onto a webpage. Tumblr captured the IP address utilized by the Tumblr account using email auburn52mh@yahoo.com and URL: yesdopesaladworld.tumblr.com as 71.196.229.40, a Comcast IP address in the vicinity of Denver, Colorado.

      b.      Your affiant is aware that Tumblr is a media network that allows users to create, post, share, and follow the digital media they like. Tumblr lets you share anything from your browser, phone, desktop, and email. Tumblr is a cross between a social networking site (like Facebook or Twitter) and a blog, and is listed on its website as Tumblr Inc., 35 East 21st St., 10E NY, NY 10010. Based on my training and experience, your Affiant knows that companies in the Internet business typically geo-locate servers across the country to store client's uploads so they can be accessed anywhere in the United States and the world.

      c.      Your affiant is aware that NCMEC is a national clearinghouse for law enforcement of images of child pornography that are collected in the course of child sexual exploitation investigations. A CyberTipline Report is typically sent by an Internet hosting company or web hosting company to NCMEC when it suspects that its services are used to host images of child pornography.

      d.      On November 2, 2018, Colorado Springs Police Department Internet Crimes Against Children (ICAC) Unit received NCMEC CyberTipline Report 41722084. This CyberTipline Report contained information forwarded by Tumblr, Inc. to NCMEC. The CyberTipline Report included 32 images and/or videos of child pornography uploaded by the suspect onto the Tumblr account using email auburn52mh@yahoo.com and URL: yesdopesaladworld.tumblr.com. The Electronic Service Provider (ESP), in this case Tumblr, Inc. did not state whether its personnel had viewed the entire contents of each uploaded file. However, the ESP did note in the CyberTipline Report that the files fall into the Child Sexual abuse categories – A1, A2, B1, B2. Based on my experience in other investigations in which an ESP has identified images as belonging in categories, I know that "A" means Prepubescent Minor, that "B" means Pubescent Minor, that "1" means Sex Act, any image of sexually explicit conduct and that "2" means Lascivious Exhibition, any image depicting nudity. Thus, I know that "A1" means Prepubescent Minor engaged in a sexual act, "A2" means a prepubescent minor in an image depicting nudity that is sexually suggestive. I know "B1" and "B2" to be the same but with a Pubescent Minor.

      e.      On January 2, 2019, the CETF received CyberTipline Reports # 42198785, 44237145, 44011556, 43887833, 43600934, and 43142837 from Colorado Springs Police Department Internet Crimes Against Children (ICAC) Unit; all of these reports had been determined to be related to CyberTipline Report 41722084. Each report was recorded on separate days starting on October 15, 2018 thru December 13, 2018. According to each of the reports, the

user uploaded files (a file is considered an image or video of child pornography) ranging from 27 files to 50 files.

    f.    On January 3, 2019, an Administrative Subpoena was obtained for the subscriber information for the IP Address 71.196.229.40, belonging to Comcast Cable, for dates and times ranging from 10/17/2018 through 12/13/2018.

    g.    On January 23, 2019, Comcast Cable responded to the Administrative Subpoena and advised that the subscriber to the IP Address 71.196.229.40 for the date range of 10/17/2018 through 12/13/2018 was Justin Neisler, 255 S. Harrison Street, Unit A302, Denver, CO 80209. (Comcast lists "A302" but your affiant contacted the apartment manager and verified that there is only 1 apartment building at the 225 South Harrison Street, Denver Colorado address & only 1 apartment numbered "302" at that location.)

    h.    On February 5, 2019, a Denver Police Department Task Force Officer assigned to the CETF accessed the Denver Police databases and Colorado Department of Motor Vehicles database and found that Justin Bowen Neisler, born in 1988, with SSN # xxx-xx-xx36, has the listed address 255 S. Harrison Street, Apt. 302, Denver, Colorado 80209.

    i.    On February 7, 2019, the Honorable Magistrate Judge S. Kato Crews approved the Application for a Search Warrant for the content of file(s) submitted in connection with Cybertip Line Reports # 41722084, 42198785, 44237145, 44011556, 43887833, 43600934, and 43142837.

    j.    On February 7, 2019, pursuant to the search warrant issued as referenced in ¶6(i),  TFO John Donohoe reviewed the content of file(s) submitted in connection with Cybertip Line Reports # 41722084, 42198785, 44237145, 44011556, 43887833, 43600934, and 43142837. TFO Donohoe subsequently advised me that the files were child pornography, and provided examples of the images and videos, as follows:

    i. Image "178415258814_0_inline_image.gif" shows a prepubescent naked male lying down with an adult male penis inserted in his anus. (Cybertip 41722084 reflects that this image was uploaded between 09/24/18 thru 10/15/18).

    ii. Video "180479866939_0_video.mp4" - A prepubescent boy naked from waist on down lying down with an adult male inserting his penis in his anus, the adult male appears to apply lubricant to his penis and reinserts his penis in the boy's anus. The adult male with his right hand masturbates the boy's penis. (Cybertip 43600934).

    iii. Video "180841241681_0_video.mp4" – Shows a prepubescent boy lying down with an adult male touching his penis over his underwear. The adult

male pulls his underwear down and touches his penis. The adult male kisses and sucks on the boy's testicles and then puts his mouth over the boy's penis (oral sex). (Cybertip 4401156).

7. On March 13, 2019, I and other FBI and Task Force personnel executed the warrant issued by Magistrate Judge S. Kato Crews on March 11, 2019, which authorized the search of the aforementioned subject residence, subject vehicle, and subject person - Justin Neisler. When I and other agents arrived at the subject residence, an individual identifying himself as Justin Neisler was present. Mr. Neisler was not handcuffed at any point during the search warrant execution or interview process. I advised Mr. Neisler that the FBI was in his home to execute a search warrant, that he was not under arrest, and that he could leave the residence at any time. Mr. Neisler said he wanted an attorney. I then advised Mr. Neisler that he was welcome to contact an attorney, and I repeated to Mr. Neisler that he was not under arrest and that he was free to go at any time. I brought Mr. Neisler a glass of water.

8. Mr. Neisler and I then sat at the kitchen table without speaking for approximately ten minutes. After approximately ten minutes, I asked Mr. Neisler to move to his bedroom, which had been rendered safe by FBI agents. Task Force Officer John Donohoe was also present with me and Mr. Neisler during this time. TFO Donohoe advised Mr. Neisler he could speak to the investigating agents more privately in the bedroom if he wished. Mr. Neisler moved to his bedroom and sat on his bed. TFO Donohoe and Your Affiant sat in chairs next to the bed. I advised Mr. Neisler that the search warrant being executed pertained to child pornography, and that the investigating agents' main concern was not if Mr. Neisler had viewed child pornography, but if he had physically assaulted children. Your Affiant asked Mr. Neisler, in the presence of TFO Donohoe, if he wanted to talk, at which time Mr. Neisler indicated he did want to speak with Your Affiant without a lawyer. Mr. Neisler then provided the following information in substance:

    a. Mr. Neisler has never touched or harmed children. The passcode to Mr. Neisler's telephone was 875313. Mr. Neisler had been looking at child pornography since he was approximately eleven years old. Mr. Neisler knew he was gay at age eleven, and he did not have a healthy way to process his feelings. Mr. Neisler had never told anyone that he liked child pornography, with the exception of one person he met online. Mr. Neisler had child pornography on his cellular telephone, hard drive devices, and computer. The child pornography includes babies being sexually assaulted, although Mr. Neisler has more pornography featuring minors he guessed to be eleven or twelve years old.

b.   Mr. Neisler acknowledged that for the past several months and until Tumblr, Inc. closed his accounts, Neisler used Tumblr, including a Tumblr account using email auburn52mh@yahoo.com.  Neisler explained that he "re-blogged" child pornography through his Tumblr account. Based on my training and experience and information from other agents, I understand that Neisler's statement of "re-blogging" child pornography means that he had located child pornography images on the Internet, and while he was present in Colorado, he uploaded those child pornography images to Tumblr, based in New York, and thus transported the images interstate and made the child pornography available for others to view.

c.   I asked Mr. Neisler if he spends time with minor children.  Mr. Neisler said part of his job as a Medical Professional is to examine minors.  Your affiant asked Mr. Neisler if he had ever touched his minor patients in his role as a medical professional.  Mr. Neisler said he never touched his minor patients inappropriately, but he did video two or three children without their knowledge or consent.  Mr. Neisler advised the children he videotaped were between ages nine and eleven, and that the last time he had videotaped a minor patient without their knowledge or consent was approximately two weeks ago at Centura Health.

d.   I then asked Mr. Neisler if the children were naked at the time of the medical examinations that he performed at Centura Health. Mr. Neisler said the patients were naked, but that he felt that was appropriate given it was a wellness exam.  I then asked Mr. Neisler, in substance, if ten physicians were asked if a child should be naked during a wellness exam, how many did Mr. Neisler think would say that was indeed appropriate.  Mr. Neisler said probably none of the other ten physicians would think it was appropriate for the child to be naked during such an exam.  Mr. Neisler said one of the children who was eleven years old asked Mr. Neisler if he was being filmed, to which Mr. Neisler told the child he was not being filmed.

e.   Your Affiant again asked Mr. Neisler if he had ever inappropriately touched his minor patients.  Mr. Neisler responded that he touched his patients' genitalia, but that this was normal procedure for a wellness exam.  Your Affiant asked Mr. Neisler how he felt while he was touching the minor children, to which Mr. Neisler responded he felt excited.  Mr. Neisler could not remember if he was aroused while he was touching the minor children, but did say some of the male minor children became aroused as he touched them, but that this was normal.

f.      Mr. Neisler said he videoed the minor children so he could bring the video-tapes home and pleasure himself sexually while watching the videos.  Mr. Neisler said he had been worrying about getting arrested for twenty years, and that he had been video-taping children since high school.  Mr. Neisler said he was on the football team at his high school, and he would video his teammates without their consent.  Mr. Neisler said he would also touch his teammates' genitalia while they were sleeping without their consent.  Mr. Neisler said some of the boys he touched woke and realized what was happening, and their friendship ceased.  Mr. Neisler still has video tapes he took of his teammates in high school.  Mr. Neisler kept the videos intentionally and advised Your Affiant they were pieces of nostalgia for him.

g.      During this conversation between Your Affiant and Mr. Neisler, TFO Donohoe periodically left the room and returned while he shared information on the locations of devices with investigating agents.  As such, I while TFO Donohoe was present, advised Mr. Neisler that I was going to repeat everything Mr. Neisler had said to TFO Donohoe, and that Mr. Neisler should correct anything Your Affiant said immediately if it was not completely accurate.  Your Affiant recounted the above information to TFO Donohoe in Mr. Neisler's presence, and then asked Mr. Neisler if that information was accurate; Mr. Neisler confirmed that information was accurate.

h.      Mr. Neisler then continued talking to Your Affiant and TFO Donohoe.  Mr. Neisler described the boy he videotaped approximately one week ago as eleven years old, and that the youngest patient he had ever videotaped was approximately nine years old.  Mr. Neisler said he usually videotaped those patients because they were old enough where their parents were not present in the exam room.  At this point in the interview, an investigating agent advised Your Affiant that a manual for a Spy Camera Pen had been discovered.  TFO Donohoe asked where the Spy Camera Pen was located; Mr. Neisler described the location of the Spy Camera Pen.  Your Affiant asked Mr. Neisler if there would be more videos of minor patients on the Spy Camera Pen than the two to three Mr. Neisler mentioned.  Mr. Neisler said there would be more videos of more patients.

i.      Your Affiant asked Mr. Neisler if he wanted to start over and be more truthful.  Mr. Neisler said he did want to start over.  Mr. Neisler said he had videotaped approximately eight to ten minor children during the course of his exams of them.  TFO Donohoe asked for consent to assume Mr. Neisler's online identity.  Mr. Neisler verbally consented and began to complete a form listing his

account names and passwords.  Mr. Neisler told Your Affiant that there were many more accounts than were listed on the form, but he could not remember all of them.  Mr. Neisler did not sign the form.  Mr. Neisler was asked if he wanted to write down what he had discussed with Your Affiant.  Mr. Neisler said he did want to write it down, but he did not pick up a pen to start writing.  Mr. Neisler said he did not want to be alone, that he thought he might hurt himself.  Your Affiant and TFO John Donohoe then arranged for Mr. Neisler to be transported to a local mental health center facility for evaluation.

9. Later on March 13, 2019, FBI Special Agent Adam L. Krob traveled to the local mental health center facility where Neisler had been taken for evaluation. Upon arrival, SA Krob observed Neisler with hospital personnel in the lobby area. Neisler advised SA Krob that he was leaving the hospital to return home, and that he felt well enough to do so.

10. Based on the foregoing facts, probable cause exists that between September 24, 2018 and October 15, 2015, Justine Bowen Neisler knowingly transported one or more image of child pornography in interstate commerce, in violation of 18 U.S.C. Section 2252A(a)(1) (Knowing Transport of Child Pornography).

Dated this 13th day of March, 2019, at Denver, Colorado

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

*s/ Allison Hirsch*
Special Agent Allison Hirsch
Federal Bureau of Investigation

Subscribed and sworn before me this   13th   day of March, 2019.

*Michael E. Hegarty*
UNITED STATES MAGISTRATE JUDGE

Affidavit was reviewed and is submitted by Patricia Davies, Assistant United States Attorney.