# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No.  19-cr-00150-WYD

UNITED STATES OF AMERICA,

Plaintiff,

v.

**JUSTIN NEISLER**,

Defendant.

---

### UNOPPOSED SECOND MOTION TO CONTINUE JURY TRIAL AND TO EXCLUDE AN ADDITIONAL 90 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO 18 U.S.C. §§3161(H)(7)(a) and (B)(i) and (iv)

---

**COMES NOW** defendant Justin Neisler, by through counsel Martin Stuart of McDermott Stuart & Ward LLP, and files this motion respectfully requesting that the Court issue an Order: (1) making an ends of justice finding pursuant to 18 U.S.C. §3161(h)(7)(A); (2) continuing his currently scheduled October 7, 2019, jury trial, and (3) excluding an additional 90 days from the speedy trial calculation pursuant to 18 U.S.C. §3161(h)(7)(B)(iv).

**AS GROUNDS:**

1.    Mr. Neisler was indicted on April 4, 2019, with three counts of production of child pornography in violation of 18 U.S.C. § 2251(a)&(e), four counts of transportation of child pornography in violation of 18 U.S.C. § 2252(A)(a)(1)&(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §2252(A)(a)(5)(B)&(b)(2).

2. On April 8, 2019, Mr. Neisler was arraigned and entered not guilty pleas to all counts. The Court calculated his 70 day speedy trial deadline to be June 13, 2019. (Doc. 21 at p. 8).

3. On April 30, 2019, the government produced initial discovery which contained 774 pages of investigative reports, 3484 pages of documents from seven separate health care institutions, and additional miscellaneous records. On May 20, 2019, the government produced an additional 62 pages of investigative reports. And most recently on June 25, 2019, 105 pages of grand jury transcripts were produced.

4. A significant amount of discovery in the possession or control of the government cannot be produced to the defense due to restrictions imposed by 18 U.S.C. § 3509(m). Defense counsel has yet to view even a small percentage of these materials represented by the government to be in excess of 800 videos and several hundred images. To view those materials the government has required defense counsel to schedule sessions at an F.B.I. facility.

5. Defense counsel has sought to retain an expert in the field of pediatric wellness exams to review the materials at issue in counts One, Two, and Three of the indictment. Securing such an expert has proven to be quite difficult and counsel was forced to broaden his search due to his inability to retain a local expert. Very recently a Florida based expert was retained by defense counsel, although due to government law enforcement vacation schedules a viewing with the expert cannot be scheduled until July 15, 2019. (See Doc. 33).

6. 18 U.S.C. § 3161(h), provides in relevant part:

> "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

7. The Speedy Trial Act protects both a defendant's right to a speedy indictment and trial and also the public's interest in ensuring prompt criminal prosecutions. United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act guarantees a defendant the right to commencement of a trial within 70 days of his or her indictment or initial appearance, whichever is later. See 18 U.S.C. §3161(c)(1). The Act provides for certain exclusions from this 70-day period. See 18 U.S.C. §3161(h)(1)-(8). The Act specifically "excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Id.

8. The Court must consider the following factors when assessing the merits of a §3161(h)(7)(A) "ends-of-justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
> …
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial

>proceedings or for the trial itself within the time limits established by [the Act]; . . .
>
>(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

9. Undersigned counsel respectfully advises the Court that the defense team has been diligently preparing Mr. Neisler's case, although reviewing discovery has been a slow and time consuming process exasperated by 18 U.S.C. § 3509(m) restrictions. In addition, the unexpected difficulty in securing an expert witness to assist in evaluation of some crucial evidence has further constrained the process. Also, a review of the 3484 pages of health care institution records has revealed the need to subpoena additional documents resulting in defense counsel currently preparing a motion for a Court order pursuant to Rule 17(c)(3) for production. Defense counsel therefore believes it is necessary to request a 60 day extension of the current July 15, 2019, motions filing deadline and also to continue Mr. Neisler's trial set for October 7, 2019. Defense counsel has consulted with AUSA Davies and based the above noted issues in addition to defense counsel's heavy summer and fall trial schedule, it is requested that a trial setting in December would realistically provide the defense sufficient time to prepare for trial.

11. On April 17, 2019, the Court issued an order (Doc. 30) granting Mr. Neisler's ends of justice motion (Doc. 23) which added 120 days to his speedy trial

clock which defense counsel calculates results in an speedy trial deadline of October 15, 2019.  Should the Court grant Mr. Neisler's current request to exclude an additional 90, the new speedy trial deadline would be January 13, 2020.

     12.    Undersigned counsel has consulted with Mr. Neisler who is in agreement with the relief sought in the instant motion.

     13.    AUSA Davies has authorized counsel to represent that the government does not oppose the relief sought in the instant motion.

Respectfully submitted,

Dated: June 27, 2019

By: s/Martin Stuart
    MARTIN STUART, *counsel for Mr. Neisler*
    McDermott Stuart & Ward, LLP
    140 E. 19th Ave., Suite 300
    Denver, CO 80203
    Phone 303-832-8888
    mstuart@mswdenver.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 27th day of June 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.


/s/ Martin Stuart
Martin Stuart