**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No.  19-CR-000150-RM

UNITED STATES OF AMERICA,

Plaintiff,

v.

**JUSTIN NEISLER**,

Defendant.

---

**UNOPPOSED THIRD MOTION TO CONTINUE JURY TRIAL, EXTEND MOTIONS FILING DEADLINE, AND TO EXCLUDE AN ADDITIONAL 60 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO 18 U.S.C. §§3161(H)(7)(a) and (B)(i) and (iv)**

---

**COMES NOW** defendant Justin Neisler, by through counsel Martin Stuart of McDermott Stuart & Ward LLP, and files this motion respectfully requesting that the Court issue an Order: (1) making an ends of justice finding pursuant to 18 U.S.C. §3161(h)(7)(A) and excluding an additional 60 days from the speedy trial calculation pursuant to 18 U.S.C. §3161(h)(7)(B)(iv); (2) continuing his January 6, 2020, jury trial, and (3) extending his motions filing deadline current by 60 days.

**AS GROUNDS:**

1.      Mr. Neisler was indicted on April 4, 2019, with three counts of production of child pornography in violation of 18 U.S.C. § 2251(a)&(e), four counts of transportation of child pornography in violation of 18 U.S.C. § 2252(A)(a)(1)&(b)(1), and one count of possession of child pornography in violation of 18 U.S.C. §2252(A)(a)(5)(B)&(b)(2).

2.     On September 5, 2019, a superseding indictment was filed. (Doc. 37).  On September 10, 2019, Mr. Neisler was arraigned on a superseding indictment which charged two additional counts of production of child pornography in violation of 18 U.S.C. § 2251(a)&(e) and one additional count of possession of child pornography in violation of 18 U.S.C. §2252(A)(a)(5)(B)&(b)(2). (Doc. 37).  Mr. Neisler entered not guilty pleas to all counts.

3.     The defense has been informed that the new charges are the result of law enforcement recently gaining access to Mr. Neisler's iCloud account.  Based on conversations with the government and a recent evidence view, the defense believes that a substantial amount of materials are contained on the iCloud account, some of which are duplicative of files previously recovered from other devices.

4.     The defense and the government have been in regular communications regarding the present case and defense counsel was anticipating the additional discovery, much of which is arguably governed by 18 U.S.C. § 3509(m)(1).  On September 9, 2019, the government made the new discovery available for the defense to review at an FBI facility, although related computer forensic discovery has yet to be received.  It is anticipated that review of new iCloud discovery will take a substantial amount of time.  In addition, the defense may require an additional joint discovery review with Mr. Neisler and a defense expert. (See Doc. 33).

5.     18 U.S.C. § 3161(h), provides in relevant part:

> "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"
> (7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or

> his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A).

6. The Speedy Trial Act protects both a defendant's right to a speedy indictment and trial and also the public's interest in ensuring prompt criminal prosecutions. United States v. Williams, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act guarantees a defendant the right to commencement of a trial within 70 days of his or her indictment or initial appearance, whichever is later. See 18 U.S.C. §3161(c)(1). The Act provides for certain exclusions from this 70-day period. See 18 U.S.C. §3161(h)(1)-(8). The Act specifically "excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'" Id.

7. The Court must consider the following factors when assessing the merits of a §3161(h)(7)(A) "ends-of-justice" continuance:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;
> …
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as

>   to fall within clause (ii), would deny the defendant
>   reasonable time to obtain counsel, would unreasonably deny
>   the defendant or the Government continuity of counsel, or
>   would deny counsel for the defendant or the attorney for the
>   government the reasonable time necessary for effective
>   preparation, taking into account the exercise of due
>   diligence.

18 U.S.C. §3161(h)(7)(B)(i) - (iv).

8. Undersigned counsel respectfully advises the Court that the defense team has been diligently preparing Mr. Neisler's case, although the new iCloud discovery and corresponding superseding indictment understandably have set back the defense's estimation of time necessary to prepare motions and otherwise prepare for trial. In addition, the defense anticipates filing a motion seeking leave of the Court to proceed under Rule 17(c) of the Federal Rules of Criminal Procedure. The defense had been prepared to file such a request, although upon learning of the new iCloud evidence and the possibility of a superseding indictment, defense counsel decided it was prudent to wait to file his Rule 17(c) request rather than file successive motions. Defense counsel therefore believes it is necessary to request a 60 day extension of the current September 13, 2019, motions filing deadline and also to continue Mr. Neisler's trial set for January 6, 2019.

9. On April 17, 2019, the Court issued an order (Doc. 30) granting Mr. Neisler's first ends of justice motion (Doc. 23) which added 120 days to his speedy trial clock which defense counsel calculates results in an speedy trial deadline of October 15, 2019. On July 1, 2019, the Court issued an order (Doc. 36) granting Mr. Neisler's second ends of justice motion (Doc. 34) and added 90 days to his speedy trial deadline extending it to January 9, 2020. Should the Court grant Mr. Neisler's current request to exclude an additional 60 days, the new speedy trial deadline would be March 9, 2020.

10.     Undersigned counsel has consulted with Mr. Neisler who is in agreement with the relief sought in the instant motion.

11.     AUSA Davies has authorized counsel to represent that the government does not oppose the relief sought in the instant motion.

Respectfully submitted,

Dated: September 11, 2019

By: s/Martin Stuart
MARTIN STUART, *counsel for Mr. Neisler*
McDermott Stuart & Ward, LLP
140 E. 19th Ave., Suite 300
Denver, CO 80203
Phone 303-832-8888
mstuart@mswdenver.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ Martin Stuart
Martin Stuart